IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN TAURO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-480 |
| v. | ) | |
| | ) | Judge Flowers Conti |
| PENNSYLVANIA DEPARTMENT | ) | Magistrate Judge Caiazza |
| OF PUBLIC WELFARE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

#### I.   MEMORANDUM

For the reasons that follow, the action filed by the plaintiff John Tauro ("Mr. Tauro" or the "plaintiff") will be dismissed with prejudice as frivolous under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2).

Plaintiff filed this lawsuit under 42 U.S.C. § 1983, naming as defendants the Pennsylvania Department of Public Welfare (the "DPW"), the "Domestic Relations Section" of the "Allegheny County Family Division," and the County Solicitor. *See generally* Compl. (Doc. 2) at ¶¶ 2-4.  Although his claim(s) are less than entirely clear, Mr. Tauro generally complains of collection activities taken against him for "welfare arrears" owed in connection with child support obligations.  *See id.* at ¶¶ 8-10.

Plaintiff is no stranger to this court.  In 2002, Mr. Tauro filed a lawsuit challenging the DPW's authority to collect child support payments at one time owed to the mother of his child. *See generally* <u>Tauro v. Mulligan</u>*, et al.*, Civil Action No. 02-495 (W.D. Pa. 2002) (Conti, J.). Plaintiff apparently believed that once he and the mother entered an agreement suspending his

child support obligations, his payment responsibilities ceased.

The problem for Mr. Tauro, however, was that his child's mother was on welfare assistance and, in order to receive it, she assigned her child support rights to the DPW. *See generally* Report and Recommendation dated Apr. 4, 2003 (Doc. 37 in Civ. Action No. 02-495) (Caiazza, M.J.) at 15. When the mother and Mr. Tauro signed a suspension agreement, the state court entered an order confirming $14,162.75 in child support arrears which, by operation of the mother's assignment, was due and owing to the DPW. *See id.* at 3.

This court dismissed Mr. Tauro's lawsuit as frivolous. Among other things, the court stated:

> [A]ll of Mr. Tauro's grievances arise from his undying conviction that the DPW cannot be awarded, and that it cannot collect upon, child support arrears by order of the Family Division. . . . Little could be further from the truth. . . .
>
> [T]he assignment to the DPW of support rights by persons receiving state assistance [is] specifically mandated by operation of [Pennsylvania] law . . . [and] federal statute . . . . [T]he Third Circuit [Court] has upheld the constitutionality of . . . Pennsylvania's assignment statute. . . . Pennsylvania courts [also] have confirmed the constitutionality of the relevant statutory schemes, noting that assignments to the DPW are not only consistent with Pennsylvania law, but are expressly required by state and federal statute. . . .
>
> [For these reasons, t]he Plaintiff's assertion that the DPW is not entitled to child support arrears . . . flies in the face of clearly established state and federal law. Federal and state courts alike have uniformly upheld the relevant statutory schemes, finding no constitutional infirmity. . . .
>
> The Plaintiff's central premise is frivolous . . ., [and] all of [his] claims [therefore are] dismissed.

*See* Apr. 4th R&R at 14-18, *adopted as opinion of Dist. Ct.* by Mem. Order dated May 8, 2003 (Doc. 39) (Conti, J.), *aff'd*, 90 Fed. Appx. 734 (3d Cir. Feb. 27. 2004) (table).[1]

Apparently unsatisfied with these results, Mr. Tauro filed this lawsuit under section 1983 to challenge collection efforts regarding "welfare arrears, for which no operation of . . . law exists," and "child support, which each of the Defendants . . . knows does not exist." *See, e.g.*, Compl. at ¶ 9. Again Mr. Tauro proceeds *in forma pauperis*,[2] and again his lawsuit will be dismissed as frivolous under section 1915(e)(2).

The doctrine of issue preclusion, also known as collateral estoppel, "ensures that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *See* <u>Burlington North R. Co. v. Hyundai Merchant Marine Co., Ltd.</u>, 63 F.3d 1227, 1232 (3d Cir. 1995) (citation and internal quotations omitted). "The

---

[1] The court took pains to explain to Mr. Tauro the error in his reasoning:

> What Mr. Tauro fails to appreciate . . . is that the law required him to provide support for his child . . . regardless of whether the payments ultimately were made to the mother or to the DPW. . . . When the Plaintiff did not make his required support payments, he accrued a sum certain on account of arrearages, which remained unchanged whether they were due the mother or the department. . . . Thus, while the mother may have seen fit to forgive some or all of the arrears due . . ., the DPW was not obligated, and indeed had no justification, for doing the same. . . . The state extended assistance to a child without any guarantee that it would be able to . . . secure child support payments from the father. In doing so, the state provided the child with those very necessities that the child's biological father had an absolute obligation to provide, but did not. The father has long neglected to support his child and instead abdicated his responsibility to the state. [The court] can hardly conclude that the child or his father was prejudiced by the mother's promise to reimburse the state for support provided. . . .

*See id.* at 17 n.5 (citations, internal quotations and alterations in original omitted).

[2] *See* Order dated April 18, 2005 (Doc. 1 at 2).

prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *See id.* (citations, internal quotations, and alterations omitted).

These elements are satisfied here. The lawfulness and constitutionality of the statutes referenced above were "actually litigated" and "essential" to "a final and valid judgment" of this court. *See id.*; *compare also, e.g.*, Compl. at ¶ 9 (complaining of allegedly invalid demands for "welfare arrears" and/or "child support") *with* discussion *supra* (discussing court's prior judgment affirming validity of DPW's demands for arrears). Indeed, the same type of collection activities challenged in this case were part of the case Mr. Tauro already lost. *Compare, e.g.*, Compl. at ¶ 8 (complaining of I.R.S.'s seizure of tax refunds) *with* Am. Compl. (Doc. 20) in Civ. Action No. 02-495 at ¶ 15 (same). Having reviewed plaintiff's entire complaint, moreover, this court can decipher no potential claim for relief not precluded by the prior ruling.

As referenced above, Mr. Tauro proceeds here as an *in forma pauperis* litigant. He, therefore, is subject to section 1915(e)(2), which "helps to prevent potential abuses . . . by mandating . . . the . . . dismiss[al of] an *in forma pauperis* complaint" that is, among other things, "frivolous." *See generally* Stevens v. Chex Sys. of Dallas, 2000 WL 1522856, *1 (E.D. Pa. Oct. 13, 2000) (citing and quoting 28 U.S.C. § 1915(e)(2)(B)).

Claims are deemed frivolous "when the plaintiff asserts a violation of a legal interest that does not exist," "when the plaintiff asserts facts that do not support a claim," or when his claims "lack[] an arguable basis in law or fact." *See* Esnault v. Suthers, 2001 WL 1285551, *1 (10th Cir. Oct. 24, 2001) (citation omitted); Smith v. New York City Transit Auth., 1999 WL 1212562,

*1 (2d Cir. Dec. 13, 1999) (citation omitted); Sack v. Lowder, 1992 WL 2884, *7 (10th Cir. Jan. 6, 1992).  In light of the application of collateral estoppel, plaintiff's current claims are frivolous. *See id.*; *see also, e.g.,* Newton v. Nixon, 110 Fed. Appx. 734, 734-35 (8th Cir. Oct. 12, 2004) (affirming district court's dismissal of pleading as frivolous based on application of collateral estoppel); Lewis v. Green, 101 Fed. Appx. 446, 446 (5th Cir. Jun. 22, 2004) (same), *cert. denied*, -- U.S. --, 125 S. Ct. 1297 (2005).

For all of the reasons stated above, the court will dismiss this action, with prejudice, as frivolous under 28 U.S.C. § 1915(e)(2).  The DPW's pending motion to dismiss (Doc. 4), therefore, will be denied as moot.

Finally, Mr. Tauro is placed on notice that, should he continue to file frivolous actions in this court, he may well face the entry of sanctions under Federal Rule of Civil Procedure 11. Rule 11 authorizes sanctions against any party whose pleadings do not present legal claims "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal" thereof.  *See generally* Fed. R. Civ. P. 11(b)(2).  Mr. Tauro's status as a *pro se* litigant is no excuse.  *See generally* In re Armstrong, 2001 WL 799705, *3 (E.D. Pa.  Jul. 10, 2001) ("*pro se* plaintiffs are not entitled to any special handling or exceptions" under Rule 11). (citations and internal quotations omitted).

Consistent with the above Memorandum, the Court enters the following:

## II. ORDER

AND NOW, on this 9th day of November 2005, IT IS HEREBY ORDERED that defendant's Motion to Dismiss (**Doc. 4**) is **DENIED AS MOOT**, and plaintiff's lawsuit is **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2).

The Clerk is directed to mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:

Francis X. Caiazza
U.S. Magistrate Judge

John J. Tauro
440 Center Avenue, 2-C
Pittsburgh, PA  15229

Kemal Alexander Mericli, Esq.
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA  15219